IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HELEN JENKINS, | : | Case No. 1:15-cv-00109 |
| | : | |
|     Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
|   v. | : | |
| | : | **ORDER GRANTING** |
| ECHELON CONSULTING, LLC, *et al.*, | : | **DEFENDANTS' RULE 12(B)(6)** |
| | : | **MOTION TO DISMISS COUNT IV OF** |
|     Defendants. | : | **PLAINTIFF'S COMPLAINT** |

This matter is before the Court on Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 13).  Plaintiff has filed a memorandum in opposition (Doc. 24), to which Defendants have replied (Doc. 26).  For the reasons that follow, Defendants' motion will be **GRANTED**.

I.     **BACKGROUND**[1]

On August 1, 2014, Plaintiff Helen Jenkins was hired by Defendant Echelon Consulting, LLC to work as a van driver in Lebanon, Ohio.  In that role, she was required to drop off and pick up passengers for Echelon clients who needed transportation in the Warren County area.  Defendant Josh Fields is Echelon's Project Manager.  Plaintiff, who is over forty years old, was paid twelve dollars per hour, in contrast to younger drivers who were paid at a higher wage of fifteen dollars per hour.  Fields refused to adjust her hourly wage despite the disparity.  Moreover, Fields "routinely" referred to Plaintiff as "Mama Jenkins" and "Old Lady" and "routinely" told her that it took her so long to finish her route because she was "so old."

---

[1] The motion to dismiss pending before the Court is brought pursuant to Fed. R. Civ. P. 12(b)(6).  For purposes of deciding it, therefore, we accept as true the factual allegations made by Plaintiff in her Complaint (Doc. 1).  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Approximately two weeks after her hire, Plaintiff was terminated.  A supervisor named "Gino" told her that she was being fired because Echelon was reducing its van fleet.  However, Plaintiff was immediately replaced by a "significantly younger" new driver.

Plaintiff brings the following causes of action against both named Defendants:  failure to pay overtime compensation under federal and state law (Count I); age discrimination in violation of state law (Count II); wrongful termination based on age discrimination in violation of state law (Count III); and intentional infliction of emotional distress in violation of state common law (Count IV).  As indicated earlier, Count IV is the subject of the instant motion.[2]

## II.    STANDARD OF LAW

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the half-century-old pleading standard that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. 544, 546 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added)).  Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Kline v. Mortgage Electronic Security Systems*, 659 F. Supp. 2d 940, 945 (S.D. Ohio 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A pleading is insufficient if it only offers "a formulaic recitation of the elements of a cause of action" or tenders nothing more than "labels and conclusions."  *Twombly*, 550 U.S. at 555.  A complaint must "state a claim to relief that is plausible on its face" or risk dismissal under Fed. R. Civ. P. 12(b)(6).  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While a court must accept as true all of the factual allegations of the complaint, it is not so bound with regard to legal conclusions, particularly when couched as the former.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

---

[2] Counts I-III are the subject of Defendants' currently pending motion for summary judgment (Doc. 14).

III.    ANALYSIS

The Ohio Supreme Court recognized the tort of intentional infliction of serious emotional distress in *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 374-75, 453 N.E.2d 666, 670-71 (1983). Based on its reading of *Yeager*, the Sixth Circuit reduced the standard into these four elements: "(1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional injury, and (4) plaintiff suffered serious emotional anguish." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted). Here, Defendants argue that Plaintiff's allegations are speculative inasmuch as she has failed to identify the *particular* "acts or omissions" that purportedly caused her "serious emotional distress" and *which* agents of Defendant Echelon committed them. And, having failed to allege facts of "any" conduct at all, by extension she has failed to plead the necessary "extreme and outrageous" conduct to support her claim.

Contrary to Plaintiff's stance that "it would be inappropriate at this stage in the litigation to dismiss the IIED claim" (Doc. 24 at 1), the Court heeds the observation made by Judge Cohn, sitting by designation and writing for the panel in *Miller*, who noted that it is "well accepted" that emotional distress claims "*may entirely appropriately be dealt with* on summary judgment or *in a motion to dismiss*. *Id.* at 377-78 (citing *Rogers v. Targot Telemarketing Servs.*, 70 Ohio App. 3d 689, 691, 695-96, 591 N.E.2d 1332, 1333, 1335-36 (1990) (emphasis added)). The simplest approach is to focus on the second element of the *Yeager* standard. Without an allegation of conduct that, *as a matter of law*, is extreme and outrageous, Plaintiff's claim must be dismissed.

The Ohio Supreme Court articulated the essence of "extreme and outrageous" conduct as follows:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

6 Ohio St. 3d at 374-75, 453 N.E.2d at 671 (quoting Restatement (Second) of Torts § 46(1) cmt. d (1965)).  Applying this authority, the Court concludes that being mocked because of one's age—including being called "Mama" and "Old Lady" by one's supervisor, combined with being paid an hourly rate less than younger drivers—is simply *not* the set of facts that "to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'."  6 Ohio St. 3d at 375, 453 N.E.2d at 671.    As a matter of law, such conduct cannot be characterized as "atrocious" or "utterly intolerable."  Therefore, Defendants' Rule 12(b)(6) Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 13)  is **GRANTED**.

**IT IS SO ORDERED**.


Dated:  <u>November 6, 2015</u>              S/Susan J. Dlott_____
                                          Judge Susan J. Dlott
                                          United States District Court

4