IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HELEN JENKINS, | : | Case No. 1:15-cv-00109 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | **ORDER DENYING DEFENDANTS'** |
| ECHELON CONSULTING, LLC, *et al.*, | : | **MOTION FOR SUMMARY** |
| | : | **JUDGMENT ON COUNTS I, II AND** |
| Defendants. | : | **III OF PLAINTIFF'S COMPLAINT** |

Plaintiff Helen Jenkins brings this action against her former employer, Echelon Consulting, LLC, and one of its supervisors, Josh Fields. In her Complaint (Doc. 1), Plaintiff alleges claims of failure to pay overtime wages under federal and state law (Count I), age discrimination in violation of state law (Count II), and wrongful termination based on age discrimination in violation of state law (Count III). By prior Order (Doc. 27), the Court granted Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 13).[1] Now before the Court is Defendants' Motion for Summary Judgment on Counts I, II, and III of the Complaint (Doc. 14), Plaintiff's memorandum in opposition (Doc. 22), and Defendants' reply (Doc. 25). For the reasons that follow, Defendants' motion will be DENIED.

I. BACKGROUND[2]

On July 14, 2014, Josh Fields, a supervisor at Echelon's facility in Lebanon, Ohio, hired Helen Jenkins as a van driver. As such, Jenkins was required to drop off and pick up passengers for Echelon clients who needed transportation in the Warren County area (Doc. 1, Complaint ¶ 12). She was paid the "standard" hourly wage of $12 per hour. When she worked overtime, she

---

[1] Count IV alleged the common law tort of intentional infliction of emotional distress (Doc. 1 ¶¶ 60-64).
[2] Except as otherwise indicated, background facts are drawn from Defendants' Rule 56 Statement of Proposed Undisputed Facts (Doc. 14-1).

was paid $18 per hour, the equivalent of time-and-a-half her regular rate. According to her pay stubs, Jenkins worked 4.00 hours of overtime for the period July 14-20; 34.00 hours of overtime for the period July 21-27; 32.00 hours of overtime for the period July 28-August 3; and 40.00 hours of overtime for the period August 4-10. The parties dispute the exact duration of Jenkins' employment. Defendants contend that she was terminated on August 10, 2014 (Fields Affidavit, Doc. 14-3 ¶ 12). Conversely, Plaintiff maintains that she was not terminated *prior to* August 15, 2014 (Jenkins Affidavit, Doc. 22-1¶ 12).

The parties also dispute the events leading to Jenkins' termination. Defendants contend that Plaintiff was terminated "due to poor performance and bad attitude" (Fields Affidavit, Doc. 14-1 ¶ 12). Fields testifies that Jenkins was often "unavailable" when needed to work and had driven "recklessly" with employees in the company vehicle (*id.*). She was warned about "these issues" by Geno Smith, her direct supervisor. When Plaintiff subsequently failed to pick up a morning shift, she was terminated (*id.*). In contrast, Plaintiff, who is over the age of forty, asserts that she was the victim of age discrimination (*see* Complaint, Doc. 1 ¶ 10). She testifies that Fields routinely made comments about her age, including calling her "Mama" and "Old Lady" (Jenkins Affidavit, Doc. 22-1 ¶¶ 3-4). He told her that it took her "so long" to finish her route because she was "so old" (*id.* ¶ 8). Aware that younger drivers were earning "at least" $15 per hour, Jenkins confronted Fields, who told her "it is what it is" and refused to adjust her rate (*id.* ¶ 7). After her discharge, Jenkins was replaced immediately by a younger—and purportedly less competent—female (*id.* ¶¶ 15-17).

## II. STANDARD OF LAW

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The process of evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well-settled. First, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). This burden may be satisfied, however, by the movant "pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the opposing party must submit evidence in support of any material element of the claim or defense at issue in the motion on which it would bear the burden of proof at trial. *Celotex*, 477 U.S. at 331-32. As "the requirement [of the Rule] is that there be no *genuine* issue of *material* fact," the Supreme Court has made clear that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Ancillary factual disputes, those "that are irrelevant or unnecessary[,] will not be counted." *Id.* Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury

3

could reasonably find for the [non-movant]." *Id.* at 252. Instead, the opposing party must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (applying *Anderson*, 477 U.S. at 249-50; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

At this summary judgment stage, it is not the Court's role "to weigh the evidence and determine the truth of the matter but [rather] to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In so doing, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962))). Adherence to this standard, however, does not permit the Court to assess the credibility of witnesses. *See Adams v. Metiva*, 31 F.3d 375, 378 (6th Cir. 1994) (citing *Anderson*, 477 U.S. at 255)).

### III. ANALYSIS

#### A. Failure to Pay Overtime Wages

In Count I of the Complaint, Plaintiff alleges that Defendants failed to pay her overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) and Ohio Rev. Code § 4111.03(A). Both the FLSA and the Ohio statute require that an employee receive overtime pay at a rate not less than one and one-half times the regular rate if she works more than 40 hours per week. Defendants argue that Jenkins' claim that she is owed overtime is "blatant fiction" as her pay stubs demonstrate that she, in fact, was so paid when appropriate.

However, Plaintiff contends, and the Court agrees, that a genuine issue of material fact exists regarding whether the pay stubs accurately reflect *all* the overtime hours she worked. Jenkins does not dispute that she was paid for *some* of her overtime hours. But she alleges in her Complaint that she "routinely" worked from 5:30 a.m. until 11:30 p.m. as a van driver for Echelon (Doc. 1 ¶ 28), and testifies that she was not paid for all of the hours she worked "over forty" (Jenkins Affidavit, Doc. 22-1 ¶ 9). Even though Defendants provide payroll records in support of their position that Jenkins was fully compensated for her overtime work, "timesheets do not amount to objective *incontrovertible* evidence of Plaintiff's hours worked." *Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015) (emphasis added). In essence, like the plaintiff in *Moran*, Jenkins denies the validity of the records maintained by Echelon, and such testimony is sufficient to create a genuine issue of material fact. *Id.* Especially here, where Plaintiff has not had the opportunity to conduct any discovery, the Court finds summary judgment at this juncture to be unwarranted. Therefore, Defendants' motion is DENIED with respect to Count I.

### B. Age Discrimination

In Counts II and III, Plaintiff alleges that she was treated differently than similarly situated employees and ultimately terminated because of her age in violation of Ohio Rev. Code §§ 4112.02 and 4112.99. Defendants move for summary judgment on the basis that these claims are time-barred pursuant to the applicable 180-day statute of limitations.

Ohio Rev. Code § 4112.02(N) provides as follows:

> An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, *within one hundred eighty days after the alleged unlawful discriminatory practice occurred*, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

(emphasis added). Based on Fields' testimony, and as corroborated by her final pay stub, Defendants maintain that Jenkins' last day of employment was August 10, 2014. As such, that date stands as the last possible date on which any claim of age discrimination could arise and serves as the trigger for the 180-day limitations period. Plaintiff initiated the instant action on February 11, 2015 (*see* Doc. 1). The time period between August 10, 2014 and February 11, 2015 is 18<u>5</u> days. Hence, according to Defendants, Plaintiff's age claims are untimely filed.

As noted above, though, Jenkins disputes this date, testifying by affidavit that she was not terminated "prior to August 15, 2014." If *that* date serves as the trigger for the 180-day limitations period, Plaintiff's age discrimination claims would appear to be timely under § 4112.02(N). Clearly a genuine issue of material fact exists concerning Jenkins' termination date, thus precluding summary judgment at this time. Therefore, Defendants' motion is also DENIED with respect to Counts II and III.

### C. Leave to Amend

Finally, in her response to Defendants' motion, Plaintiff moves for leave to amend her Complaint in order to present an alternative theory of recovery regarding her age discrimination claims. Specifically, Plaintiff seeks to include a claim for relief under Ohio Rev. Code § 4112.14, which is not subject to the 180-day statute of limitations. Rather, claims under § 4112.14 must be brought within six years. *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517-18 (6th Cir. 2001) (applying *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St. 3d 45, 471 N.E. 2d 471, 474 (1984) (construing § 4101.17 (repealed), the statutory predecessor to § 4112.14)). Were Jenkins proceeding under § 4112.14—regardless of whether she was terminated on August 10 *or* August 15, 2014—her claim would be timely.

Defendants oppose Plaintiff's request, arguing that Jenkins is statutorily barred from seeking relief under § 4112.14 *in addition to* the relief requested already under § 4112.02.[3] Defendants argue that seeking relief under both sections violates the second paragraph of § 4112.02(N), which states that "[a] person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code . . . ." Defendants maintain that Plaintiff has elected her remedy and should not be granted leave to amend her Complaint to include an alternate theory of recovery under § 4112.14.

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to

---

[3] The Ohio Revised Code provides four independent avenues through which an employee can pursue a claim of age discrimination, three of which have applicability here: (1) § 4112.02, a general anti-discrimination statute that creates a civil action for violations of subsection (A) of that section and provides for "any legal and equitable relief that will effectuate the individual's rights[]"; (2) § 4112.14(B) (formerly § 4101.17), a statute that exclusively addresses age discrimination with respect to any "job opening" or "discharge" and permits a civil action for a violation of subsection (A) of that section; and (4) § 4112.99, a general anti-discrimination statute that makes those who violate any provision of Chapter 4112 "subject to a civil action for damages, injunctive relief, or any other appropriate relief[]". *See Spengler v. Worthington Cylinders*, 438 F. Supp. 2d 805, 807-08 (S.D. Ohio 2006) (Marbley, J.); *Davis v. Ineos ABS (U.S.A.) Corp.*, No. C-1-09-773, 2010 WL 3909573, at *5 (S.D. Ohio Sept. 30, 2010) (Hogan, M.J.). The first two remedies are expressly exclusive—the choice of one precludes recourse to the other. *Spengler*, 438 F.3d at 808. But the third remedy, § 4112.99, is neither expressly exclusive nor expressly subject to an election-of-remedies bar. *Id.* (citing *Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 861-62 (S.D. Ohio 2001) (Sargus, J.)). The general consensus among Ohio courts, though, is that the bar does apply to age discrimination claims brought under § 4112.99. *Senter v. Hillside Acres Nursing Ctr.*, 335 F. Supp. 2d 836, 849 (N.D. Ohio 2004); *Reminder v. Roadway Express, Inc.*, No. 5:04-cv-02581, 2006 WL 51129, at *2 (N.D. Ohio Jan. 10, 2006) (citing cases). *See Rozek v. Ampro Computers, Inc.*, 37 F. Supp. 3d 918, 926 (N.D. Ohio 2014) ("weight of authority" from Ohio courts and federal courts interpreting Ohio law suggests that state supreme court would apply § 4112.08's election-of-remedies bar to age claims brought pursuant to § 4112.99). Here Defendants do *not* argue that Jenkins must elect between her claim brought pursuant to § 4112.02 and her claim brought pursuant to § 4112.99, and so this Court need not reach the issue.


cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [for a party to amend the pleadings] when justice so requires."

In this instance, the Court finds that Plaintiff should be granted leave to amend. Although, as Defendants correctly argue, Ohio law statutorily bars successive actions *after* a single remedy has been elected, "[i]t is clearly permissible for a plaintiff in an age discrimination claim to plead R.C. 4112.02, R.C. 4112.14, and R.C. 4112.99 in the alternative." *Raub v. Garwood*, No. 22210, 2005 WL 662932, at *2 (¶ 8) (Ohio App. Ct. Mar. 23, 2005) (citing *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 513 (6th Cir. 2001)).  If that option was available initially to Jenkins, it would seem incongruous and unquestionably "harsh" to deny it to her now that Echelon contests August 10, 2014 as her date of termination.  *See Coy v. County of Delaware*, No. 2:12-cv-00381, 2013 WL 1282028, at *7 (S. D. Ohio Mar. 26, 2013) (Sargus, J.). Plaintiff must ultimately select which remedy to pursue in this action, and she is admonished that her time to do so is not unlimited, in part to avoid unfairness to her former employer.  *Raub*, 2005 WL 662932, at *3 (¶ 11).  Yet the Court is of the opinion that Plaintiff should be permitted to conduct discovery on this material issue of fact before doing so.  While Defendants' motion is properly styled as one for summary judgment, it is simply premature based on the procedural posture of this case.

### D. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on Counts I, II and III of Plaintiff's Complaint (Doc. 14) is **DENIED**. In connection therewith, Plaintiff's motion for leave to amend her Complaint—to include a claim for discrimination under Ohio Rev. Code § 4112.14—is **GRANTED**. Any such amendment must be filed within 30 days of the docketing of this Order.

**IT IS SO ORDERED.**

Dated: 12/4/15                                             S/Susan J. Dlott
                                                           Judge Susan J. Dlott
                                                           United States District Court